IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 03-58 |
| STEVEN HIRSH | : | |

FILED

JUN 22 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                JUNE 22, 2007

The questions before the Court are (1) whether Defendant has shown "good cause" to retain the seal on his sentencing memorandum and (2) whether the intervenor has shown a "compelling need" for the pre-sentence investigation report (PSI) and that its release is in the interests of justice.

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, State Farm) move[1] this Court to unseal Defendant Steven Hirsh's sentencing memorandum and/or to release the PSI (doc. no. 26).

---

[1] State Farm is the plaintiff in a pending civil case, State Farm Mut. Auto. Ins. Co., et al. v. Lincow, et al., Civ. No. 05-5368 (E.D. Pa. filed Oct. 13, 2005). The Court will treat State Farm's motion to unseal also as a motion to intervene in this criminal case. State Farm has standing to intervene because the documents at issue in this criminal case have a "question of . . . fact in common" with State Farm's claim in the civil case. Fed. R. Civ. P. 24(b)(2); see Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994) ("[T]he procedural device of permissive intervention [Rule 24(b)(2)] is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action.").

Hirsh opposes both requests (doc. no. 29). The Government takes a middle course: it does not oppose the unsealing of the sentencing memorandum, but it does oppose the release of the PSI (doc. no. 28).

The Court will lift the seal on the sentencing memorandum, but keep the PSI confidential.[2]

I. BACKGROUND

On March 14, 2003, Hirsh, a pharmacist, pled guilty to one count of wire fraud for falsely billing insurance companies for reimbursement for prescription medications that were never dispensed to patients. On September 24, 2003, the Court sentenced him to a term of imprisonment of one year and one day, a term of supervised release of three years, and a fine of $750,000.

The Government had alleged that Dr. Arnold Lincow,[3] a physician, was involved in the false-billing scheme, and that

---

[2] Following a hearing on this motion on April 20, 2007, the Court ruled from the bench and entered an order (doc. no. 33). This Memorandum sets forth the basis for the Court's ruling. Additionally, State Farm has now moved for reconsideration of the Court's order (doc. no. 35), and this Memorandum also addresses State Farm's arguments for reconsideration.

[3] Lincow was never actually named in court filings or at a hearing before the court; he was referred to simply as the "physician." However, it has since become clear, by Lincow's own assertion in the civil case, that he was the "physician" in question in the criminal case. See State Farm Mut. Auto. Ins. Co. v. Lincow, 2007 WL 433471, at *9 (E.D. Pa. Feb. 8, 2007).

2

Hirsh paid Lincow an inflated rent as a form of kickback. Hirsh cooperated with the Government in its attempt to indict Lincow, but the Government's case never materialized. (The extent of Hirsh's cooperation is detailed in both the Government's and Hirsh's sentencing memoranda.)

Based on similar allegations of false insurance billing, State Farm brought a civil RICO action, which has proved to be quite contentious, against Hirsh, Lincow, and several other individuals and entities. See State Farm Mut. Auto. Ins. Co., et al. v. Lincow, et al., Civ. No. 05-5368 (E.D. Pa. filed Oct. 13, 2005).[4] In the course of discovery in the civil case, State Farm sought certain documents from Hirsh. Hirsh refused to produce either his sentencing memorandum filed in this case or his PSI.[5] State Farm moved the court in the civil case to order Hirsh to produce the documents. The court denied the motion, informing State Farm that, in the context of the civil case, the court was powerless to unseal or release documents from a separate criminal case. State Farm then filed the present motion in this case.

---

[4] It is mere fortuitousness of the random case assignment system that the same judge presides over both cases. See Local R. Civ. P. 40.1(b)(1); Local R. Crim. P. 50.1(d)(1).

[5] The three documents filed under seal in this case--doc. no. 11 (Government's sentencing memo and motion for downward departure); doc. no. 15 (Hirsh's sentencing memo); and doc. no. 16 (Hirsh's motion to file his sentencing memo under seal)--are unable to be located in the Clerk's office. The copies of these documents presently before the Court are those produced by the United States Attorney's Office at the request of the Court.

3

II. THE MERITS OF THE MOTION

There are two distinct issues at play. Hirsh's sentencing memorandum (doc. no. 15) was officially docketed, yet filed under seal. Hirsh was cooperating with the Government at the time, and his sentencing memorandum contained confidential information regarding the extent of that cooperation.

Hirsh's PSI, on the other hand, was never officially docketed. In fact, PSIs, as a matter of practice, are never docketed. The PSI was kept confidential not because Hirsh was cooperating with the Government, but because all PSIs are kept confidential.

A. Hirsh's Sentencing Memorandum

There is both a First Amendment and common-law right to inspect judicial records. See United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (First Amendment); Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978) (common law). While the public's right to inspect judicial records may give way in certain circumstances to other, more pressing interests, such as the Government's interest in maintaining confidentiality in order to successfully build a criminal case, "[s]uch circumstances will be rare . . . and the balance of interests must be struck with special care." Waller v. Georgia, 467 U.S. 39, 45 (1984).

4

The burden is on Hirsh to demonstrate why the sentencing memorandum should remain under seal, because he is the party who both sought the seal in the first place and seeks to continue it now. United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007). The district court, pursuant to its general discretionary powers, has the power to unseal previously sealed documents. Id. Once the seal is in place, upon a motion of an intervenor, the Court should determine if there continues to be "good cause" to keep the records sealed. Id.; see Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994) ("The appropriate approach in considering motions to modify confidentiality orders is to use the same balancing test that is used in determining whether to grant such orders in the first instance . . . ."). The Third Circuit has explained that

> when there is an umbrella protective order "the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order." [This] "reasoning applies with equal force when a non-party moves to intervene in a pending or settled lawsuit for the limited purpose of modifying a protective order and inspecting documents filed under seal."

Wecht, 484 F.3d at 211 (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986), and Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 166 (3d Cir. 1993)).

In this criminal case, the Court initially granted Hirsh's motion to file the sentencing memorandum under seal based on

Hirsh's argument that the "Sentencing Memorandum, if made public, could jeopardize an ongoing government investigation in which Mr. Hirsh has cooperated, and could jeopardize Mr. Hirsh's security." Doc. No. 16.

The parties have not pointed to, and the Court has been unable to find in its own research, a case with similar factual circumstances--i.e., a case where a sentencing memorandum was filed under seal to protect an ongoing criminal investigation, and then an intervenor moved to lift the seal and the Government conceded that the need for the seal was no longer present. However, the scant caselaw on similar issues leads to the conclusion that the seal should be lifted.

Court documents are presumed to be open. This is the case even when a document discusses the Government's methods for a criminal investigation. See Wecht, 484 F.3d at 210 (holding that the public had a common-law right to inspect certain records that were attached to a motion filed under seal with the district court, because "the process by which the government investigates and prosecutes its citizens is an important matter of public concern"). Therefore, there must be a clearly defined important interest to place (and keep) court documents under seal. One of these rare interests is the integrity of an ongoing criminal investigation. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995); see also Brief of Appellee, United States v. Chang,

6

47 Fed. App'x 119 (3d Cir. 2002) (Nos. 02-2389 & 02-2907), 2002 WL 32817187, at *44-45 ("Disclosure of the information required by [a 5K letter] could readily compromise an ongoing criminal investigation by revealing the identity of a cooperating witness and endangering their safety and that of their family."). The party seeking the seal cannot, however, rest on mere generalities; it must point with specificity to the need for the seal. See United States v. Raybould, 130 F. Supp. 2d 829, 832 (N.D. Tex. 2000) (denying Government's motion to seal 5K letter because of an insufficient foundation).

If the Government's investigation is no longer ongoing, then, presumptively, there is no longer a need for the documents to be under seal to protect the investigation. Indeed, the Government believes the seal is no longer necessary in this case.[6] Therefore, one of Hirsh's initial reasons for filing the memorandum under seal--that it could jeopardize the Government's investigation, see Doc. No. 16--is no longer applicable.

Hirsh's only remaining reason for filing the memorandum under seal is that it could jeopardize Hirsh's security. Doc.

---

[6] Note, however, that the Government was not the party that initially filed the document under seal; Hirsh was. Usually, the Government files documents under seal to protect the integrity of their investigations; it would certainly be odd for a defendant to continue to assert the need for a seal to protect the integrity of a Government investigation if the Government concedes that the investigation is complete and the seal is unnecessary.

7

No. 16. "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Pansy, 23 F.3d at 786 (citing Cipollone, 785 F.2d at 1121). Here the only reason Hirsh now provides for keeping the memorandum under seal is a general one: "[I]t is improper to release [the sentencing memorandum] due to the nature of Mr. Hirsh's cooperation with the government. Releasing confidential documents containing statements offered by a cooperating criminal defendant against others would potentially jeopardize the safety of that defendant." Def's Resp. ¶ 11. The argument that Hirsh's safety might be jeopardized is not a winning one in this case: Lincow, the only person he implicates in his sentencing memo, is a co-defendant in the civil case and, pursuant to a joint defense agreement, is actually paying at least a portion of Hirsh's legal fees. See State Farm v. Lincow, Civ. No. 03-3568, doc. no. 178, ¶ 8. Therefore, that Hirsh attempted to cooperate by implicating Lincow should not come as a surprise to Lincow. Further, there is simply no evidence, nor has there even been an allegation, that Lincow has taken any measures to jeopardize the safety of Hirsh.

In light of the facts that (1) Hirsh has already voluntarily revealed at least a good portion of the information in the sentencing memorandum (he was deposed in the State Farm civil litigation and also gave a "lengthy, off the record proffer" to

State Farm's counsel, Def's Resp. ¶ 17), and (2) Lincow and Hirsh have entered into a joint defense agreement, it is unpersuasive for Hirsh to argue that documentation of Hirsh's cooperation with the Government against Lincow should be kept confidential to protect Hirsh from Lincow.

Therefore, Hirsh has failed to meet his burden of showing "good cause" why the seal on the sentencing memorandum should be retained.  The seal will be lifted.[7]

B.  <u>Hirsh's PSI</u>

PSIs, unlike sentencing memoranda and other court documents, are presumed to be confidential.  See <u>United States v. Cianscewski</u>, 894 F.2d 74, 79 n.17 (3d Cir. 1990) ("The presentence report has always been considered a confidential document." (citing <u>United States v. Charmer Industries, Inc.</u>, 711 F.2d 1164, 1169-71 (2d Cir. 1983))).  The Supreme Court has recognized two reasons for PSIs' confidentiality: (1) "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that

---

[7] Exhibit "E" to Hirsh's sentencing memorandum contains personal financial information, including Hirsh's social security number, credit card numbers, bank records, etc., which if disclosed could work injury to Hirsh.  Although the public has an interest in knowing how the Government's criminal investigation progressed and what methods it used to procure certain information, the public does not have an interest in knowing the details of Hirsh's personal finances.  Therefore, Exhibit "E" will remain under seal.

will be incorporated into the report," and (2) "the need to protect the confidentiality of the information contained in the report." U.S. Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988).

Generally, the purpose of the PSI is to both aid the Court in fashioning a proper sentence and to aid the Bureau of Prisons in placing the defendant in the proper custodial setting. See Charmer, 711 F.2d at 1169-70. "The PSI is designed to present as complete a picture about the defendant as possible, with information about his or her family, education, finances, health, prior criminal conduct, as well as the facts and circumstances surrounding the pending charges before the court." United States v. Loeper, 132 F. Supp. 2d 337, 339 (E.D. Pa. 2001) (Bartle, J.).

Charmer is the leading case on disclosure of PSIs. The Charmer court analogized information contained in PSIs to information presented to a grand jury, and thus sought to strictly limit the information's availability to third parties. 711 F.2d at 1175. "[A] district court should not authorize disclosure of a presentence report to a third person in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice." Id.

Judge Bartle traced the history of the confidentiality of PSIs in Loeper. Prior to 1975, PSIs were available only to the court (and not defendants). 132 F. Supp. 2d at 339. From 1975 to 1983, defendants could petition the court to view the PSI.

10

Id. Since 1983, defendants are automatically given a copy of the PSI. Id. Noting that the Third Circuit was silent on the issue of when (if ever) to release a PSI to a third party, Judge Bartle drew the test from the Seventh Circuit: "[O]nly where a compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need." Id. at 341 (quoting United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989)). Judge Bartle rejected the intervenor's suggestion that the burden of proof of maintaining the PSI's confidentiality rests on the defendant. Id. at 341. Plainly, the burden is on the party seeking access. Id.

Judge Bartle distinguished two cases in which district courts had released PSIs. In United States v. Huckaby, 43 F.3d 135, 138 (5th Cir. 1995), the PSI was disclosed in order to defuse racial tension in the region. And in United States v. Preate, 927 F. Supp. 163, 164 (M.D. Pa. 1996), the defendant was a public figure who had abused his office as district attorney and who had been elected state attorney general. In Loeper, although the defendant was a state senator, there were no pressing issues of public importance. 132 F. Supp. 2d at 342. There is no evidence that State Farm's prosecution of its civil RICO case rises to the level of public importance, as was the

11

case in <u>Huckaby</u> and <u>Preate</u>.

In fact, in <u>United States v. Harrison</u>, 2003 WL 21027286, at *1 (E.D. Pa. May 7, 2003), Judge Shapiro, faced with a similar situation, denied civil litigants access to their civil adversaries' criminal and probation records. The plaintiffs in a Texas state civil action had been convicted of bank fraud in this Court. <u>Id.</u> In the Texas case, their company was suing Celotex for fraud allegedly stemming from a botched real estate deal. <u>Id.</u> Celotex moved this Court to release their probation records, claiming that the plaintiffs had perpetrated a fraud on Celotex by not disclosing their criminal backgrounds. <u>Id.</u> Judge Shapiro held that there was no compelling or particularized need for disclosure of the defendants' probation records. <u>Id.</u> at *3. The facts of indictment, conviction, guilty plea, etc., were public records. <u>Id.</u> Celotex had not met its burden that the information in the probation records was needed. <u>Id.</u>

A PSI is presumed confidential, and an intervenor has the burden of showing a "compelling need" for the PSI and that the release of the PSI is in the interests of justice. State Farm has not met its burden; there is no "compelling need" for the release of the PSI. In fact, the only reason State Farm provides is that it seeks to know the circumstances of Hirsh and Lincow's business relationship. Movant's Mot. ¶ 17. In other words, State Farm wants access to the PSI to go on a fishing expedition

12

to possibly locate information that might bolster its civil case against Hirsh and Lincow. Plainly, this is not a compelling need. The Court need not even address whether the release of the PSI would be in the interests of justice.

Therefore, the PSI will not be released.

III. THE MOTION FOR RECONSIDERATION

State Farm has moved to reconsider the decision of the Court handed down from the bench and explained more fully here, namely to not release the PSI. The motion asserts that "new evidence has become available" which entitles State Farm to view the PSI. This "new evidence" is allegedly that (1) the sentencing memorandum references the PSI and (2) the PSI was disclosed to Lincow's counsel.

It is not a winning argument to assert that the sentencing memorandum's reference to the PSI dictates that the PSI must also be released. The sentencing memorandum itself is the public document; other documents referenced in the memorandum do not become public documents by sheer virtue of their reference therein.

The second piece of "new evidence" is that the PSI was disclosed to Lincow's counsel. State Farm has pointed to no evidence to support this assertion. Indeed, Hirsh's counsel vigorously denies that he provided the PSI to Lincow's counsel.

13

Nevertheless, even if Lincow's counsel had seen the PSI, State Farm has still failed to meet its burden of showing a "compelling need" for the PSI.

Therefore, State Farm's motion for reconsideration will be denied.

IV.  CONCLUSION

State Farm's motion will be granted in part and denied in part. The motion will be granted to the extent that it seeks to lift the seal on Hirsh's sentencing memorandum. The motion will be denied to the extent that it seeks the release of the PSI.

Additionally, State Farm's motion for reconsideration, which challenges the Court's decision not to release the PSI, will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 03-58 |
| v. | : | |
| | : | |
| STEVEN HIRSH | : | |
| | : | |

**FILED**
JUN 2 2 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

<u>O R D E R</u>

**AND NOW**, this **22d** day of **June 2007**, for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Intervenors State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's motion for reconsideration (doc. no. 35) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

15